NEW JERSEY SHOE TREE & LAST CO. v. BAKER SHOE TREE
MFG. CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1909.)

No. 237.

PATENTS (§ 328*)—INFRINGEMENT—SHOE TREES.

The Leadam patents, No. 621,423 and No. 621,424, for shoe trees, construed, and *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 166 Fed. 322.

Henry D. Williams, for appellant.
H. Albertus West, and Frederick H. Patterson, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is a suit in equity to restrain the alleged infringement of two patents for shoe trees granted to Lionel H. Leadam and numbered, respectively, 621,423 and 621,424. The particular claims alleged to be infringed by the defendant are claim 1 of patent No. 621,423 and claims 1 and 2 of patent No. 621,424. The defenses are:

(1) Invalidity.
(2) Noninfringement.

Claim 1 of the first patent reads as follows:

"The herein-described tree for boots and shoes comprising the toe or forward member, a heel or rear member bifurcated at its forward end and having a pin extending across the bifurcation, and a bar pivotally connected with the toe member and adapted to rest in the bifurcation of the heel member and having a longitudinal slot receiving the pin of the heel member and also having a device adjustable in the direction of its length for engaging the pin of the heel member, substantially as specified."

This claim was adjudged valid in Leadam v. Ringgold (C. C.) 140 Fed. 611, and, for the purpose of considering the question of infringement, we shall assume its validity. Only in case infringement appears will it be necessary to test the correctness of that assumption.

In approaching the question of infringement it is, of course, to be borne in mind that a structure, to infringe, must possess all the elements of the respective claims or their equivalents; and, in view of the prior art as disclosed in the record, it is also obvious that the range of equivalents to which the patentee is entitled is not a broad. one. The patent is not for a primary invention.

The defendant claims that its device possesses neither of the following elements of the claim:

(1) "A heel or rear member bifurcated at its forward end."
(2) "A device adjustable in the direction of its length for engaging the pin of the heel member."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Circuit Court held that the heel member of the defendant's structure was not bifurcated, and, in our opinion, its conclusion was correct. Obviously the defendant's heel member, as a distinct structure, is not bifurcated at all. It is made of a single thickness of steel, with an eye at the forward end. A clip slides upon the intermediate member, and a cross-pin, passing through the clip, the eye of the heel member, and holes in the intermediate member, holds the sections together and in position. It is only by treating the clip or sliding piece as a part of the heel member that any sort of bifurcation can be said to appear. But, while it is a part of the connection between the heel and intermediate member, it belongs no more to the one than to the other. And, moreover, if it be treated as forming a part of the heel member, a bar pivoted to a double-pronged sliding piece can hardly be said to be "bifurcated at its forward end." We are of the opinion that the defendant's device possesses no bifurcated heel member, nor any equivalent to which the patentee is entitled.

We also think that the defendant's device does not have the second element of the claim to which reference has been made—"a device adjustable in the direction of its length for engaging the pin of the heel member." In the structure illustrated and described in the patent, the device which engages the pin of the heel member is the pin, g. This is the abutment which takes the pressure of the pin, c. and which is adjustable through the holes in the intermediate member to lengthen or shorten the shoe tree. It is true that the claim is not confined to this specific structure, but the language is applicable only to some abutting device having a multiplicity of adjustments. It must be "a device adjustable * * * for engaging the pin of the heel member." But the pin in the defendant's structure, uniting the heel and intermediate pieces, engages no adjustable abutment. The device which takes its pressure—the rim of the hole in which it may rest—is not adjustable. Instead of there being a single abutment capable of a multiplicity of adjustments, there is, in the language of the complainant's brief in speaking of the second patent, "a plurality of stationary abutments against any one of which the pin of the heel member may be held." The pin engages the rims of the different holes, but the rims are in no sense adjustable. Of course, the defendant's shoe tree, like the complainant's, is capable of being lengthened and shortened; but the result—as in the case of the complainant's cotter pin structure—is not accomplished by the employment of the adjustable abutment of the claim.

The complainant in its brief contends that the spring in the defendant's device which actuates the pin corresponds to the adjustable device of the claim. But, while this spring does operate upon the pin and hold it in an adjusted position, it does not, in our opinion, "engage" the pin within the meaning of the claim. A device which "engages" the pin of the heel member is one which operates as an abutment for it and takes its pressure. While the patentee is not limited to the drawings and specifications of the patent, they well illustrate such a device as the claim calls for.

For these reasons we hold that the defendant has not infringed claim 1 of patent No. 621,423.

Claims 1 and 2 of patent No. 621,424 read as follows:

"1. The herein-described tree for boots and shoes comprising a toe or forward member, an intermediate member pivotally connected to the toe member and having notches at intervals in its length, and a' heel member adjustably connected to the intermediate member and having a pin arranged to seat in the notches thereof, substantially as specified.

"2. The herein-described tree for boots and shoes comprising a toe or forward member, an intermediate member pivotally connected to the toe member and having a longitudinal slot closed at its ends and lateral notches opening from said slot, and a heel member having a pin connecting it to the intermediate member; the said pin being adapted to be moved in the slot and seated in the notches of the said intermediate member, substantially as specified."

With respect to these claims the complainant states in its brief:

"The fundamental advantage of the provision for notches in the intermediate bar, or a notched slot in the intermediate bar, is that it provides in the intermediate bar a plurality of stationary abutments against any one of which the pin of the heel member may be held so as to prevent its shifting from its adjusted position."

The fourth claim of this patent—infringement of which is not claimed—calls for an "intermediate member * * * having notches at intervals in its length pitched upwardly toward its forward end." The defendant contends that, unless this provision for forwardly inclined notches be read into the claims in question, they describe an inoperative device—that without such inclination the notches and pin will disengage upon the slightest pressure, and will not operate to thrust the toe piece forward as required. It seems to us that this contention of the defendant is well founded. And, of course, if the provision of the forwardly inclined notches be a necessary part of the claims, the defendant does not infringe.

But it is not necessary for us to take this view to dispose of the question of infringement, because we think that the defendant's structure does not possess the notches of the claims at all. The obvious purpose of the notches is to act as abutments for the heel member and hold it so as to "prevent its shifting from its adjusted position." The defendant's device has no such notches. A series of holes are drilled or punched so close that they run together. The pin is held in position just as much by the lower part of the rim of the hole in which it may rest as by the top. If these rims were removed from the lower side of the slot in the defendant's intermediate piece, it is manifest that there would be nothing to hold the pin. In reality the defendant's device no more has notches than the complainant's cotter pin structure. In the latter there is a plurality of separate holes for receiving the heel pin which is removed and reinserted when a new adjustment is desired. In the former there is a plurality of holes run together which likewise receive the heel piece. And the heel pin must likewise be withdrawn and reinserted to make a new adjustment, although the connection between the holes and the operation of a push pin and spring facilitate such readjustment.

For these reasons we hold that claims 1 and 2 of patent No. 621,424 are not infringed, and in view of this determination find it unnecessary to inquire into their validity.

The decree of the Circuit Court is affirmed, with costs.